UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEPHEN HANSEN and JUANITA
K. HANSEN, co-personal representatives
of the Estate of DAVID JOEL
HANSEN, deceased,

      Plaintiff,

vs.                            CASE NO. 3:08-cv-1007-J-20 MCR

FLORIDA DEPARTMENT OF
CORRECTIONS, TIMOTHY FOWLER,
TRAVIS BAIRD, A. CREWS, WCF MUSE,
WARDEN BRYANT, and DEAN HARDIN,

      Defendants.
_____/

**FIRST AMENDED COMPLAINT**

**COMES NOW** the Plaintiffs by and through their undersigned attorney and sue Defendants and say:

**PRELIMARY STATEMENTS AND JURISDICTION**

1.      This is a claim for damages which exceed $75,000.00.

2.      This is a claim brought pursuant to 42 U.S.C. 1983, Amendments V and VIII of the U.S. Constitution, Section 768.16 – 768.26, Fla. Stats., the Florida Wrongful Death Act and Section 768.28, Fla. Stats.

3.      Plaintiff STEPHEN HANSEN is the dually appointed co-personal representative of the Estate of David Joel Hansen, deceased, his natural father, and a survivor under the Florida Wrongful Death Act.

4.      Plaintiff JUANITA K. HANSEN is the dually appointed co-personal representative of

the Estate of David Joel Hansen, deceased, his natural mother, and a survivor under the Florida Wrongful Death Act.

5. David Joel Hansen, deceased, died on October 17, 2006; his only known survivors (other than siblings) are his parents identified in paragraphs 3 and 4 above. At the time of his death David Joel Hansen was an inmate at Florida State Prison (FSP) in Bradford County, Florida, under the custody, care and control of the FLORIDA DEPARTMENT OF CORRECTIONS.

6. The FLORIDA DEPARTMENT OF CORRECTIONS (hereafter "FDOC") is a subdivision of the State of Florida; among its duties is the operation of a Florida State Prison located in Bradford County, Florida.

7. The Florida FDOC is responsible for the custody, control, care (including medical/psychological care) and safety of inmates housed at Florida State Prison, including David Joel Hansen.

**FACTS**

8. On October 17, 2006 David Joel Hansen was an inmate at FSP; on that date he died while in the custody and control of the FDOC (at approximately 3:00 p.m.); the cause of death was hanging; the hanging was accomplished using a sheet provided to David Joel Hansen by FDOC which was attached to a shelf in his cell.

9. At the time of his death, David Joel Hansen, was scheduled for and anticipating his release from the custody of FDOC to occur shortly before Christmas, on December 19, 2006; he was originally committed to the FDOC on or about October 20, 2004.

10. On October 17, 2006 David Joel Hansen was on restriction and under close management (CMIII); he was in need of and receiving treatment for severe psychiatric

condition(s) from which he suffered; the treatment provided was outpatient.

11. Prior to his death, David Joel Hansen had attempted suicide numerous times; during the time that he was under the custody and control of Defendant, FDOC, including during the time he was housed at FSP, David Joel Hansen attempted suicide multiple times.

12. On August 20, 2006, correctional officer Archie Crews advised Sergeant Veal that he had put out a contract on David Joel Hansen and that inmate Lewis was supposed to shank David Joel Hansen for him because David Joel Hansen should not be permitted to get out of prison. Sergeant Veal reported this incident to his shift supervisor, Captain Arlie J. Dobbs. It was passed up the chain of command to Correctional Officer Chief, Major WCF Muse and Warden Bryant.

13. On January 18, 2005, David Joel Hansen was assaulted by fellow inmates and severely beaten (including his head) and injured to the extent that he required outside hospital care. At the time of the beating FDOC correctional officers were aware that David Joel Hansen was referred to a "snitch." Following this incident David Joel Hansen was transferred to another prison. The inmate who was captured on film assaulting David Joel Hansen was not prosecuted.

14. Following the above incident and throughout 2005 David Joel Hansen was almost continuously subjected to disciplinary confinement. During this period he received inpatient treatment on a very frequent basis due to suicide attempts /ideation/thoughts (he reported hearing loud angry voices telling him to kill himself). Eventually, in November or December of 2005, he was transferred to FSP and placed under close management.

15. From shortly after his transfer to FSP until the date of his death David Joel Hansen was again subjected to almost continuous disciplinary confinement. Mental health

treatment at FSP was less intensive than it had been prior to his transfer, inconsistent, and was wholly inadequate to his needs.

16. On October 17, 2006, shortly before his death, David Joel Hansen advised FDOC employees Officer Timothy Fowler and Sergeant Travis Baird that he felt like killing himself; the officers ignored his statement and made no response. On 10/17/06 at least one of the every 30 minute inspections was not performed (2:00 p.m.); the record was falsified by Dean Hardin.

## WRONGFUL DEATH CLAIM AGAINST FDOC PURSUANT TO SECTION 768.28 FLORIDA STATUTES

Plaintiffs reallege paragraphs 1-16 and say

17. This is a claim brought pursuant to Section 768.28 Florida Statutes. Plaintiffs have complied with all notice and pre-suit provisions contained in the Statute and are entitled to bring this claim pursuant to the statute. Plaintiffs served FDOC and the Department of Insurance with written notice which fully complied with all legal requirements by certified letters.

18. At all times material hereto Defendant, FDOC, owed a duty to Plaintiff's decedent, David Joel Hansen, to use reasonable care for his safety.

19. The Defendant, FDOC, through its employees failed to exercise reasonable care for the safety of David Joel Hansen, particularly as stated in paragraphs 8 -16.

20. As a result, David Joel Hansen died by hanging on October 17, 2006 as set forth above.

21. As a result of the death of David Joel Hansen, STEPHEN HANSEN AND JUANITA K. HANSEN have experienced severe mental pain and suffering.

22. As a result of the death of David Joel Hansen, his estate has suffered a loss of

prospective net accumulations which might reasonably have been expected but for his death.

**WHEREFORE**, Plaintiffs demand judgment for damages against Defendant FDOC and demand a trial by jury as to all issues so triable.

### COUNT II – CLAIM AGAINST FDOC PURSUANT TO 42 U.S.C. 1983

Plaintiffs reallege paragraphs 1-16 and say

23.     This claim is brought pursuant to 42 U.S.C. 1983.

24.     All times material hereto, Defendant FDOC, through its employees, displayed deliberate indifference to the medical/psychological needs, safety and wellbeing of inmate David Joel Hansen, particularly as set forth in paragraphs 8 – 16.

25.     At all times material hereto, Defendant FDOC, through its employees, disregarded a strong likelihood that self infliction of harm may occur or that David Joel Hansen could be the victim of a deadly assault, as set forth in paragraphs 8 – 16, and in particular by the facts that shortly prior to his death a correctional officer put out a contract on him, prior to the date of his death David Joel Hansen had attempted suicide on numerous occasions, and/or immediately prior to his death David Joel Hansen advised FDOC correctional officers that he felt like killing himself.

26.     FDOC, through its employees, was subjectively aware of David Joel Hansen's suicide tendencies and severe mental/psychological illness and of the feasibility of suicide by use of a bed sheet tied to the bookshelf in his cell; alternatively, FDOC was aware that David Joel Hansen was at risk to be killed by fellow inmates and/or correctional officers.

27.     Alternatively, FDOC established a custom or policy that resulted in the deliberate

indifference to the constitutional rights of David Joel Hansen specifically, by housing David Joel Hansen in such a manner that he had access to materials which he could put to use for hanging himself specifically his bed sheet, and/or by failing to monitor David Joel Hansen's activities and condition sufficiently in order to prevent him from hanging himself ,and/or by failing to provide him with sufficient medical/psychological care and support to prevent him from harming himself, and/or by failing to take sufficient precautions or steps to protect him from fellow inmates and/or correctional officers at FSP.

28. As a result, David Joel Hansen died by hanging on October 17, 2006 as set forth above.

29. As a result of the death of David Joel Hansen, STEPHEN HANSEN AND JUANITA K. HANSEN have experienced severe mental pain and suffering.

30. As a result of the death of David Joel Hansen, his estate has suffered a loss of prospective net accumulations which might reasonably have been expected but for his death.

**WHEREFORE**, Plaintiffs demand judgment for damages against Defendant FDOC and demand a trial by jury as to all issues so triable.

### COUNT III – CLAIMS AGAINST TIMOTHY FOWLER, TRAVIS BAIRD AND DEAN HARDIN PURSUANT TO 42 U.S.C. 1983

Plaintiffs reallage paragraphs 1 – 16 and say

31. This claim is brought pursuant to 42 U.S.C. 1983.

32. That all times material hereto, Defendants TIMOTHY FOWLER, TRAVIS BAIRD and DEAN HARDIN displayed deliberate indifference for the safety and wellbeing of David Joel Hansen, particularly as set forth in paragraphs 8 – 16, and specifically by failing to

intervene when David Joel Hansen advised, on 10/17/06, that he intended to kill himself or to observe David Joel Hansen as required by applicable rules and regulations.

33. At all times material hereto, Defendants TIMOTHY FOWLER, TRAVIS BAIRD and DEAN HARDIN disregarded a strong likelihood that self infliction of harm may occur, demonstrated, in particular, by the fact that prior to the date of his death David Joel Hansen had attempted suicide on numerous occasions, and/or immediately prior to his death David Joel Hansen advised correctional officers TIMOTHY FOWLER and TRAVIS BAIRD that he felt like killing himself. Additionally Correctional officer DEAN HARDIN did not perform at least one visual inspection of David Joel Hansen on 10/17/06 (2:00 p.m.), shortly before his death.

34. TIMOTHY FOWLER, TRAVIS BAIRD and DEAN HARDIN were subjectively aware of David Joel Hansen's suicide tendencies, severe mental illness and of the feasibility of suicide by use of a bed sheet tied to the bookshelf in his cell; alternatively, TIMOTHY FOWLER, TRAVIS BAIRD and DEAN HARDIN were aware that other violent inmates were intent on killing David Joel Hansen.

35. As a result, David Joel Hansen died by hanging on October 17, 2006 as set forth above.

36. As a result of the death of David Joel Hansen, STEPHEN HANSEN AND JUANITA K. HANSEN have experienced severe mental pain and suffering.

37. As a result of the death of David Joel Hansen, his estate has suffered a loss of prospective net accumulations which might reasonably have been expected but for his death.

**WHEREFORE**, Plaintiffs demand judgment for damages against Defendants TIMOTHY FOWLER and TRAVIS BAIRD and demand a trial by jury as to all issues so triable.

### COUNT IV –CLAIMS AGAINST TIMOTHY FOWLER, TRAVIS BAIRD AND DEAN HARDIN PURSUANT TO 768.28(9)

Plaintiffs reallage paragraphs 1 – 16 and 32 – 34, and say

38.	This claim is brought pursuant to Section 768.28(9), and this claim is brought, in the alternative, to the claim stated in Count I.

39.	The actions of TIMOTHY FOWLER, TRAVIS BAIRD and DEAN HARDIN as set forth in paragraphs 16, and 32 – 34 above, under the facts and circumstances as set forth in paragraphs 8 –15 demonstrate malicious purpose, and/or a wanton and willful disregard of David Joel Hansen's human rights, life and safety.

40.	As a result, David Joel Hansen died by hanging on October 17, 2006 as set forth above.

41.	As a result of the death of David Joel Hansen, STEPHEN HANSEN AND JUANITA K. HANSEN have experienced severe mental pain and suffering.

42.	As a result of the death of David Joel Hansen, his estate has suffered a loss of prospective net accumulations which might reasonably have been expected but for his death.

**WHEREFORE**, Plaintiffs demand judgment for damages against Defendant TIMOTHY FOWLER, TRAVIS BAIRD and DEAN HARDIN and demand a trial by jury as to all issues so triable.

### COUNT V - CLAIMS AGAINST ARCHIE CREWS PURSUANT TO 42 U.S.C. 1983

Plaintiffs reallage paragraphs 1 – 16 and say

43.	This claim is brought pursuant to 42 U.S.C. 1983.

44.	At all times material hereto, Defendant, ARCHIE CREWS (A. CREWS) displayed

deliberate indifference for the safety and wellbeing of David Joel Hansen, as set forth in paragraph 12.

45. At all times material hereto, Defendant, A. CREWS disregarded a strong likelihood that self infliction of harm or infliction of harm by others may occur under the facts and circumstances alleged in paragraphs 8 -15 and particularly in paragraph 12.

46. A. CREWS was subjectively aware of David Joel Hansen's suicide tendencies, mental illness and of the feasibility of suicide or murder by use of a bed sheet tied to the bookshelf in his cell, A. CREWS also directly threatened David Joel Hansen's life by putting out a contract on him.

47. As a result, David Joel Hansen died by hanging on October 17, 2006 as set forth above.

48. As a result of the death of David Joel Hansen, STEPHEN HANSEN AND JUANITA K. HANSEN have experienced severe mental pain and suffering.

49. As a result of the death of David Joel Hansen, his estate has suffered a loss of prospective net accumulations which might reasonably have been expected but for his death.

**WHEREFORE**, Plaintiffs demand judgment for damages against Defendant A. CREWS and demand a trial by jury as to all issues so triable.

### COUNT VI – CLAIMS AGAINST A. CREWS PURSUANT TO 768.28(9)

Plaintiffs allege paragraphs 1-16, 45 & 46 and say.

50. This claim is brought pursuant to Section 768.28(9), and this claim is brought, in the alternative, to the claim stated in Count I.

51. The action of A. CREWS as set forth in paragraphs 12, 45 & 46 above, under the facts and circumstances as set forth in paragraphs 8 –15 demonstrate malicious purpose, and/or a

wanton and willful disregard of David Joel Hansen's human rights, life and safety.

52. As a result, David Joel Hansen died by hanging on October 17, 2006 as set forth above.

53. As a result of the death of David Joel Hansen, STEPHEN HANSEN AND JUANITA K. HANSEN have experienced severe mental pain and suffering.

54. As a result of the death of David Joel Hansen, his estate has suffered a loss of prospective net accumulations which might reasonably have been expected but for his death.

**WHEREFORE**, Plaintiffs demand judgment for damages against Defendant A. CREWS and demand a trial by jury as to all issues so triable.

## COUNT VII - CLAIMS AGAINST WCF MUSE TO 42 U.S.C. 1983

Plaintiffs reallege paragraphs 1 -16 and say

55. This claim is brought pursuant to 42 U.S.C. 1983.

56. At all times material hereto, Defendant WCF MUSE was the correctional officer chief.

57. At all times material hereto, Defendant WCF MUSE displayed deliberate indifference for the safety and wellbeing of David Joel Hansen.

58. At all times material hereto, Defendant, WCF MUSE disregarded a strong likelihood that self infliction of harm may occur, or that David Joel Hansen may be the victim of a deadly assault, demonstrated by the facts in paragraphs 8 -15.

59. WCF MUSE was subjectively aware of David Joel Hansen's suicide tendencies, severe mental illness and of the feasibility of suicide by use of a bed sheet tied to the bookshelf in his cell, and/or was subjectively aware that David Joel Hansen was at risk from deadly assault by

inmates and/or correctional officers.

60. Alternatively, WCF MUSE individually or in concert with WARDEN BRYANT established a custom or policy that resulted in the deliberate indifference to the constitutional rights of David Joel Hansen specifically by failing to take any appropriate and necessary steps to protect David Joel Hansen from deadly violence from inmates and/or correctional officers at FSP, and/or by housing David Joel Hansen in such a manner that he had access to materials which he could put to use for hanging himself (specifically, his bed sheet), and/or by failing to establish a policy and procedure to monitor David Joel Hansen's activities and condition sufficiently in order to prevent him from hanging himself, and/or by failing to provide David Joel Hansen with appropriate, necessary medical care and support to prevent him from harnging himself.

61. As a result David Joel Hansen died by hanging on October 17, 2006 as set forth above.

62. As a result of the death of David Joel Hansen, STEPHEN HANSEN AND JUANITA K. HANSEN have experienced severe mental pain and suffering.

63. As a result of the death of David Joel Hansen, his estate has suffered a loss of prospective net accumulations which might reasonably have been expected but for his death.

**WHEREFORE**, Plaintiffs demand judgment for damages against Defendant WCF MUSE and demand a trial by jury as to all issues so triable.

### COUNT VIII - CLAIMS AGAINST WARDEN BRYANT TO 42 U.S.C. 1983

Plaintiffs reallege paragraphs 1 -16 and say

64. This claim is brought pursuant to 42 U.S.C. 1983.

65. At all times material hereto, Defendant WARDEN BRYANT was the warden of

FSP.

66. At all times material hereto, Defendant WARDEN BRYANT displayed deliberate indifference for the safety and wellbeing of David Joel Hansen.

67. At all times material hereto, Defendant, WARDEN BRYANT disregarded a strong likelihood that self infliction of harm may occur, or that David Joel Hansen may be the victim of a deadly assault, demonstrated by the facts in paragraphs 8 -15.

68. WARDEN BRYANT was subjectively aware of David Joel Hansen's suicide tendencies and of the feasibility of suicide by use of a bed sheet tied to the bookshelf in his cell, and/or was subjectively aware that David Joel Hansen was at risk from deadly assault by inmates and/or correctional officers.

69. Alternatively, WARDEN BRYANT individually or in concert with WCF MUSE established a custom or policy that resulted in the deliberate indifference to the constitutional rights of David Joel Hansen specifically by failing to take any appropriate and necessary steps to protect David Joel Hansen from deadly violence from inmates and/or correctional officers at FSP, and/or by housing David Joel Hansen in such a manner that he had access to materials which he could put to use for hanging himself (specifically, his bed sheet), and/or by failing to establish a policy and procedure to monitor David Joel Hansen's activities and condition sufficiently in order to prevent him from hanging himself, and/or by failing to provide David Joel Hansen with appropriate, necessary medical care and support to prevent him from harnging himself.

70. As a result David Joel Hansen died by hanging on October 17, 2006 as set forth above.

71. As a result of the death of David Joel Hansen, STEPHEN HANSEN AND JUANITA

K. HANSEN have experienced severe mental pain and suffering.

72. As a result of the death of David Joel Hansen, his estate has suffered a loss of prospective net accumulations which might reasonably have been expected but for his wrongful death.

**WHEREFORE**, Plaintiffs demand judgment for damages against Defendant WARDEN BRYANT and demand a trial by jury as to all issues so triable.

DATED this  31st  day of December, 2008.

TERENCE J. KANN, P.A.

 /s/  Terence J. Kann
**Terence J. Kann**
FBN:  286664
2790 N.W. 43rd St., Ste. 100
Gainesville, FL 32606
(352) 375-3203
Attorney for Plaintiff(s)